UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DEVON W. BORKHOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-312-TLS |
| | ) | |
| PNC BANK, NATIONAL ASSOCIATION, | ) | |
| (f/k/a National City Bank of Indiana), | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Plaintiff, Devon W. Borkholder[1] filed a submission that the Court construed as a Complaint, which is captioned as follows:

> IN THE **DOCUMENT-CONTRACT-POSTAL-VESSEL-COURT-VENUE** IN THE **INDIANA-TERRITORY** WITHIN THIS **FEDERAL-COURT-VENUE-BUILDING** ARE WITH THE TRANSFER FROM THE **STATE-COURT-VENUE** TO THIS **DOCUMENT-CONTRACT-POSTAL-VESSEL-FEDERAL-COURT-VENUE.**
> FOR THIS **TEN-DAY-GRACE-TIME-RESCISSION-ACT-CLAIM** IS WITH THIS **CONTINUOUS-QUO-WARRANTO-COMPLAINT-DOCUMENT-CLAIM AND: LIS-PENDENS-LIEN CLAIM:**

(Compl. 1, ECF No. 1 (emphasis in original)). The remainder of the pleading is styled in the same manner, followed by a copy of a mortgage with each word marked with a number in accordance with the following symbol key stamped on each page:

> Syntax-word-key-meaning:
> 1=Adverb      8=Past-time
> 2=Verb        9=Future-time
> 3=Adjective   0=Conjunction
> 4=Pronoun     NC=No-Contract

The Plaintiff maintains that the marked-up mortgage is the evidence in support of his claims.

---

[1] In his filing, the Plaintiff styles his name as "Devon-W.: Borkholder."

On July 3, 2012, the Defendant, PNC Bank, National Association, filed a Motion to Dismiss Plaintiffs' Complaint [ECF No. 5], on grounds that it was "completely unintelligible and inadequate on its face," and that, "[d]espite a good faith review," the Defendant was not able to "understand the Complaint or frame a response."[2] The Defendant argues that the Complaint does not provide a basis for federal jurisdiction and fails to state a claim upon which relief can be granted. The Plaintiff has not filed a response.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation marks and citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient

---

[2] The Defendant's Motion assumes that, in addition to Borkholder, David Wynn Miller is a plaintiff in this action. Although this lawsuit was opened in the name of both plaintiffs, the Clerk of Court subsequently removed Miller as a plaintiff. His signature was not on the pleading and the Civil Cover Sheet lists only Borkholder as a plaintiff. It appears that Borkholder invoked Miller's name because he is relying on a language style advocated by Miller, not because Miller is a plaintiff in this action. According to Miller's websites, he discovered the mathematical interface for language and invented "CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR (C.-S.-S.-C.-P.-S.-G)," or "QUANTUM-LANGUAGE-PARSE-SYNTAX-GRAMMAR," a "Correct Language . . . based on fact," which is "purely Mathematical." *See* :JUDGE; DAVID-WYNN; MILLER, http://www.dwmlc.com (last visited Aug. 7, 2012); :David-Wynn: Miller.com, http://www.davidwynnmiller.com (last visited Aug. 7, 2010). As noted by other courts faced with submissions prepared in Miller's style, "the official language of the Court is standard American English." *United States v. Kriemelmeyer*, 2007 WL 5479293, at *2 (W.D. Wis. July 26, 2007), cited by *Deutsche Bank Nat'l Trust Co. v. Halajian*, 2012 WL 1076218, at *4 (E.D. Cal. Mar. 29, 2012).

to state a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009).

The Plaintiff's twenty-five page filing is incoherent and unintelligible and, as such, fails to provide, in a short and plain statement of the claim, fair notice of the Plaintiff's claim or the grounds upon which it rests or to present any facts from which is can be inferred that he is plausibly entitled to relief due to actions taken by the Defendant. The indecipherable allegations lack any cognizable legal theory or sufficient facts to support a cognizable theory.  A "plaintiff must give enough details about  the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), but the Court is unable to even determine what story the Plaintiff is attempting to tell through his assertions, as example of which follows:

> **FOR THESE CAUSES OF THIS QUO-WARRANTO-COMPLAINT and: LIS-PENDENS**
> **~1** FOR THE **C.-S.-S.-C.-P.-S.-G.**-CORRECTIONS OF THE FRAUDULENT-SYNTAX-MODIFICATION-COMMUNICATION- COURT-VENUE-DOCUMENTS **ARE** WITH THE FRAUDULENT-SYNTAX-GRAMMAR-CLAIMS OF THE VASSALEE'S-WRONG-WORD-COMMUNICATION-**EVIDENCE- BONDED-HEREIN** WITH THE THREE-**TIMES-EQUITY-DAMAGES** OF THE **CLAYTON-ACT-(1914)** BY THE CLAIMANT'S-EVIDENCE.

(Compl. 3.) "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see also Hoskins v. Polestra*, 320 F.3d 761, 762 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense . . . even when the plaintiff has paid all fees for filing and service."). Although a district court should "allow ample opportunity for amending the complaint when it appears that by doing

so the pro se litigant would be able to state a meritorious claim," *Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006) (quoting *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996)), the Plaintiff has included nothing in his submission to suggest that he will be able to state a meritorious claim. His allegations are rooted in an incomprehensible method of document interpretation and written communication, and the Complaint suffers from more than a technicality or curative shortcoming.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Motion to Dismiss [ECF No. 5].

SO ORDERED on August 8, 2012.

                                     s/ Theresa L. Springmann
                                     THERESA L. SPRINGMANN
                                     UNITED STATES DISTRICT COURT
                                     FORT WAYNE DIVISION